**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LARRY CAIN, | : | CIVIL NO. **4:05-CV-0354** |
| | : | |
| Petitioner | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF PENNSYLVANIA, | : | |
| | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

On February 18, 2005, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Antiterrorism Effective Death Penalty Act (AEDPA) imposes a one year statute of limitations on petitions for a writ of habeas corpus. Petitioners, in order to avoid being time barred must file a habeas corpus petition within one year of the date on which the judgment of conviction becomes final.

The 28 U.S.C. § 2254 petitioner, Larry Cain, was convicted of first degree murder in the Court of Common Pleas of Dauphin County on February 7, 1983. Doc. 1. He took an appeal to the

Superior Court of Pennsylvania.  On January 17, 1986, the judgment of sentence was affirmed by the Superior Court. Doc. 11.  A petition to the Supreme Court of Pennsylvania for the allowance of an appeal was denied by the Supreme Court on December 29, 1986.  Doc. 11.  A petition for relief under the Pennsylvania Post Conviction Hearing Act was filed by the petitioner on June 24, 1987.  The PCHA court denied relief on September 28, 1987.  Doc. 11.  On June 21, 1988, the Superior Court remanded the case to the PCHA court for an evidentiary hearing.  The PCHA court denied relief, after an evidentiary hearing, on July 8, 1988.  The Superior Court affirmed, on November 22, 1989.  Doc. 11.  The Supreme Court denied a petition for the allowance of an appeal, on November 3, 1989.

On March 25, 2003, a petition for relief was filed by the petitioner pursuant to the Pennsylvania Post Conviction Relief Act.  Doc. 11.  That petition was dismissed as untimely. Doc. 10.  The order dismissing the PCRA petition was affirmed by the Superior Court, on April 16, 2004.  No further filing was made in state court(s).  Doc. 11.

The respondent asserts that this petition should be dismissed as untimely because the petitioner had one year from April 24, 1996 in which to file a 28 U.S.C. § 2254 habeas corpus petition and did not do so.

The Antiterrorism and Effective Death Penalty Act establishing a one-year limitation upon the right to file a 28 U.S.C. § 2254 habeas corpus petition challenging a state court conviction became effective on April 24, 1996.  The Third Circuit Court of Appeals held that the first date on which a habeas corpus petition could consistent with *ex post facto* principles be deemed barred by that Act was April 23, 1997.  *Burns v. Morton*, 134 F.3d 109 (3d Cir. 1998).  April 23, 1997 was when the petitioner's right to bring a 28 U.S.C. § 2254 habeas corpus petition expired under the new Act.

The petitioner's 28 U.S.C. § 2254 petition is untimely under 28 U.S.C. § 2244(d)(1).  Therefore, it is recommended that the petition be dismissed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   May 9, 2005.